## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **CARLTON KLUGH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  1:20-CV-02306-ELR** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

**COMES NOW** the defendant, CSX Transportation, Inc. (hereinafter, "CSXT"), pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and in answer to the Complaint, says as follows:

## FIRST DEFENSE

In answer to the specific averments of the Complaint, CSXT says:

1.      CSXT admits that Plaintiff seeks to bring this action under the Federal Employers Liability Act over which this court exercises concurrent jurisdiction. The remaining averments of paragraph 1 are denied.

2.      CSXT admits that it is a common carrier engaged in interstate business doing business in Cobb County, Georgia.  The remaining averments of paragraph 2 are denied.

3.      CSXT admits that Plaintiff seeks to bring this action under the Federal

Employers Liability Act to recover damages for personal injuries.  The remaining

averments of Paragraph 3 are denied.

4.      CSXT admits that it is incorporated as a corporation, and that it

conducts business as a common carrier by railroad in several states, including the

state of Georgia and within the jurisdiction of the United States District Court for

the Northern District of Georgia.  The remaining averments of paragraph 4 are

denied.

5.      The averments of paragraph 5 are denied.

6.      The averments of paragraph 6 are denied.

Plaintiff's Complaint omits paragraphs 7, 8, 9, and 10, and has two paragraphs

numbered 11.

11.      The averments of the first paragraph 11 are denied.

11.      The averments of the second paragraph 11 are denied.

12.      The averments of paragraph 12 and each of its subparts are denied.

13.      The averments of paragraph 13 enumerate the types of damages

Plaintiff is seeking in this action and no response is required.  To the extent a

response is required, the averments of paragraph 13 are denied.

14.     The averments of paragraph 14 are denied to the extent that supplemental and amended pleadings are governed by the Federal Rules of Civil Procedure, Local Rules, and orders of this Court.

15.     The averments of paragraph 15 state that Plaintiff is entitled to and demands a trial by jury, to which no response is required.

16.     CSXT denies each and every material averment of the Complaint not expressly admitted herein and demands strict proof thereof.

## SECOND DEFENSE

CSXT took all reasonable measures and precautions to provide Plaintiff with a reasonably safe place to work and did so provide Plaintiff with a reasonably safe place to work.

## THIRD DEFENSE

The incident of which Plaintiff complains was not reasonably foreseeable.

## FOURTH DEFENSE

No act or omission of CSXT proximately caused or contributed to cause any injury to Plaintiff.

## FIFTH DEFENSE

CSXT is not guilty of the matters complained of in Plaintiff's Complaint.

## SIXTH DEFENSE

CSXT is not liable for any pre-existing medical condition of the Plaintiff.

## SEVENTH DEFENSE

CSXT is not liable to the extent Plaintiff has failed to mitigate his damages.

## EIGHTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by his own negligence which caused, or contributed to cause the injuries of which he complains.

## NINTH DEFENSE

CSXT is entitled to a set-off or credit for any amounts received by Plaintiff from any source whatsoever, including CSXT, with respect to the injuries and damages at issue in this suit, including but not limited to any and all sums received by Plaintiff from the Railroad Retirement Board.

## TENTH DEFENSE

At all times relevant to the alleged incident, CSXT operated in full compliance with the Federal Safety Appliance Act and all other statutes, rules, standards and regulations, and any alleged violation was not the proximate cause of any alleged injury.

## ELEVENTH DEFENSE

The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission by or on behalf of CSXT and are too remote and speculative to warrant recovery against CSXT.

## TWELFTH DEFENSE

Federal law, and any regulations promulgated thereto, may preempt or preclude Plaintiff's causes of action.

## THIRTEENTH DEFENSE

CSXT is not liable to Plaintiff with respect to the injuries alleged because such injuries, if any, were caused by accident in terms of the law.

## FOURTEENTH DEFENSE

Any injury to Plaintiff was the result of intervening and superseding causes and is not due to any act or omission on the part of CSXT.

## FIFTEENTH DEFENSE

While denying that it is liable to Plaintiff in any amount, CSXT says that, to the extent it funded the medical or other expenses of Plaintiff, he cannot recover the same from CSXT again.

## SIXTEENTH DEFENSE

The conduct of Plaintiff was the sole proximate cause of his injuries.

## SEVENTEENTH DEFENSE

To the extent Plaintiff's injuries are due to pre-existing conditions, CSXT is entitled to have any jury award apportioned between that portion caused by a pre-existing condition and that part caused by the alleged negligence of CSXT, if any.

## EIGHTEENTH DEFENSE

Venue may be improper in this court.

Respectfully Submitted,

/s/ *Morris Wade Richardson*
Morris Wade Richardson
(Georgia Bar No.: 516576)
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
100 Corporate Parkway
One Lake Level
Birmingham, Alabama 35242-2982
Telephone: (205) 572-4100
Facsimile: (205) 572-4199
E-mail: wrichardson@wwhgd.com


Mark R. Johnson
(Georgia Bar No.: 395042)
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9537
Facsimile: (404) 875-9433
E-mail: mjohnson@wwhgd.com

*Attorneys for CSX Transportation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 25th day of June 2020, I filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Paul R. Bennett
Law Office of Paul R. Bennet
812 Broadway, P.O. Box 11
Columbus, Georgia 31902
Email: pbennett@paulbennettlaw.com
*Attorney for Plaintiff*

Carisa German-Oden
Daniel J. Poolson, Jr.
POOLSON | ODEN
3000 West Esplanade Ave., Suite 200
Metairie, Louisiana 7002
Email: carisa@poolsonoden.com
Email: danny@poolsonoden.com

s/ Morris Wade Richardson
OF COUNSEL